## TO ENFORCE LIABILITY OF SURETIES.

Circuit Court of Hamilton County.

HENRY GERKE ET AL v. THE GEORGE WIEDEMANN BREWING CO.

Decided, July, 1900.

*Sureties—Liability of, Limited to Exact Letters of the Bond—Guaranty of Payment for Goods Sold on Credit—Sureties Released on Account of Violation by the Seller of Provisions of the Bond.*

Sureties on a bond securing payment for goods sold on credit are released, where contrary to the terms of the bond payment for the first car load was not required when the third car was ordered, and settlement was not insisted on as provided for on a specified date and on the first day of each succeeding month thereafter, but time for payment was extended by permitting the amount due to increase from month to month.

*Milton Sater,* for plaintiffs in error.
*Louis J. Dolle,* for the brewing company.

SWING, J.; GIFFEN, J., and SMITH (JAS. M.), J., concur.

The brewing company entered into a contract with Henry Gerke in which it was agreed that said brewing company should furnish to said Gerke beer in car load lots in wood and beer in bottles to be sold by said Gerke at Marietta, Ohio. Said contract was to begin February 24, 1896, and to continue for one year. Either party was given the right to terminate the contract on thirty days notice, and any material violation of the agreement by either party was to render the agreement null and void. It

was provided in the contract that "said company will furnish said Gerke the first two car loads of beer on credit, for which said Gerke shall execute a bond of one thousand dollars ($1,000), and when he orders the third car of beer he shall pay for the first car of beer he received; all settlements thereafter are to be made on the first day of each month commencing May 1st, 1896, at which time said Gerke is to make payments to said company for the beer that may be ordered by or delivered to him."

On said 24th day of February, 1896, said Gerke, together with his wife, Maria Gerke, and B. Meyer, defendants herein, executed and delivered to the brewing company their bond for $1,000. The condition of this bond was to this effect:

"That whereas the above named Henry Gerke has this day entered into and made a contract in writing with the said George Wiedemann Brewing Company for the purchase of beer in wood and bottles by the car load lots from the said George Wiedemann Brewing Company for a period of four years or until said parties agree to discontinue as set forth in said agreement. Said agreement is in writing and bears even date herewith and which is here referred to and made a part hereof. Now therefore, if the said Henry Gerke shall well and truly perform said contract and shall fully comply with and carry out each and every provision thereof and shall pay for all of said beer purchased  *  *  * then this bond shall be null and void."

Suit was brought by the brewing company against said Henry Gerke, Maria Gerke and B. Meyer. For a first cause of action the plaintiff sets out a claim against Henry Gerke on the contract referred to, and for a second cause of action a claim against all of the defendants on the bond referred to. Copies of the contract and bond are annexed to the petition. Henry Gerke filed no answer and judgment by default was awarded against him on April 2, 1897, for the sum of $1,599.49, the amount claimed to be due. Maria Gerke and B. Meyer filed an answer in which they admitted the execution of the contract and bond as set out in the petition, but alleged that they were released from the obligations of the bond by reason of the fact that the said Henry Gerke was not required to pay for the first car load of beer for which he was given credit, nor did he pay for the first car load of

beer when he ordered the third car; that no settlements were made on the first of every month as required by the contract and bond; that said company gave said Henry Gerke credit for more than two cars of beer at one time, and that a settlement was not made on May 1st, and each and every month thereafter during the continuance of said contract; and that he did not pay on the first of every month for the beer delivered to him. This answer also contained a general denial as to all matters not admitted.

The plaintiff filed a demurrer to all that portion of defendants' answer except that which set up a denial, and this demurrer the court sustained. This demurrer was sustained February 20, 1897. On December 29, 1898, the case was heard on the pleadings and the evidence by the court and judgment rendered against said Maria Gerke and B. Meyer for $838.

Error is prosecuted in this court to this judgment.

The evidence shows that the company shipped to Henry Gerke on February 24, 1896, beer in wood to value of $187.50 and beer in glass $115; on March 13, $125 in wood and $166.50 in bottles or glass; April 8 and 25, $131.25 each time in wood and $166.50 and $169.90 in glass. Credit was given Gerke for cash of $400 and $31.25 allowance up to April 24, 1896; balance due the company on May 1st was $867.65. This amount was not paid to the brewing company on May 1st as provided in the contract. Neither was any settlement made between the parties. The brewing company continued to furnish Gerke beer in wood and in bottles until the 28th day of August of said year, at which time the amount due the company from said Gerke was $1,561.95. No settlements were made at any time between the parties, but beer was shipped to said Gerke by said company during all this time and payments in cash were made during each month by said Gerke on said account; that at the end of each month the amount due was greater than of the previous month.

By reason of these admitted facts were the sureties on the bond released? We are of the opinion that they were. The general rule of the liability of sureties on bonds is thus stated by Reed, J., in the case of *the State* v. *Medary,* 17 O., 565:

"The bond speaks for itself, and the law is that it shall so speak, and that the liability of the sureties is limited to the exact

letter of the bond.  Sureties stand upon the words of the bond, and if the words will not make them liable nothing can.   There is no construction, no equity against sureties.   If a bond can not have effect according to its exact words the law does not authorize the court to give it effect in some other way in order that it may prevail.''

This rule has frequently been followed by our Supreme Court. In not requiring Gerke to pay for the first,car of beer when the third was ordered, and in not requiring settlements on May 1st and the first of each succeeding month, and in extending time of payments as was done by allowing the account to accumulate each month, was a material violation of the terms of the contract and bond, and necessarily worked an injury to the sureties on the bond.

Judgment reversed and cause remanded for further proceedings.